IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GERMAINE NIXON, AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF MYCOL FRENCH, AND AS NEXT FRIEND OF T.J., A.F., Z.F., Z.F., and M.F., | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 10 C 1382 |
| LAKE COUNTY METROPOLITAN ENFORCEMENT GROUP AGENTS CHARLES SMITH, BERNARD FAPSO #9504, JEREMY GAUGHAN #9813, JEFFREY PADILLA #4451, PATRICK GARA #9516, THE VILLAGE OF ANTIOCH, THE CITY OF NORTH CHICAGO, THE LAKE COUNTY METROPOLITAN ENFORCEMENT GROUP, THE SHERIFF OF LAKE COUNTY, and LAKE COUNTY, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

On February 28, 2011, plaintiff Germaine Nixon ("Nixon"), as independent administrator of the estate of Mycol French, decedent, and as next friend of minors T.J., A.F., Z.F., Z.F., and M.F., filed an eight-count Second Amended Complaint against defendants Lake County Metropolitan Enforcement Group ("LCMEG"), LCMEG Agents Charles Smith, Bernard Fapso, Jeremy Gaughan,[1] Jeffrey Padilla, and Patrick Gara, the Village of Antioch, the City of North Chicago, the Sheriff of Lake County, and Lake County. (Dkt. No. 29 ("2d. Am. Compl.").) Pending before the court are the Village of Antioch's "Motion to Dismiss Count IV of the Plaintiff's Complaint" (Dkt. No. 57), the City of North Chicago's "Motion to Dismiss Count V

---

[1.] On June 2, 2011, plaintiff voluntarily dismissed defendant Jeremy Gaughan from this lawsuit. (Dkt. No. 79.)

of the Plaintiff's Complaint" (Dkt. No. 52), and Lake County and the Sheriff of Lake County's "Motion to Dismiss Counts VII and VIII of Plaintiff's Complaint" (Dkt. No. 31), which the parties have fully briefed. For the reasons set forth below, the three pending motions to dismiss are each denied. Defendants' answers are due August 2, 2011.

## BACKGROUND

The following background facts are set forth as alleged in Nixon's Second Amended Complaint. (Dkt. No. 29.)

On February 1, 2010, Mycol French ("French") was sitting in his white SUV waiting for his friend to return from shopping when several of the defendants approached the vehicle with their guns drawn. (2d. Am. Compl. ¶¶ 13-15.) Without probable cause, the individual defendants shot into the vehicle several times piercing French's chest. (*Id.* ¶ 16.) French then drove out of the parking lot, lost control of the vehicle after driving several blocks, and slammed into the side of a building. (*Id.* ¶ 17.) The defendant officers thereafter impeded the investigation into the shooting, and prevented paramedics and medical staff from providing emergency medical treatment immediately after the incident and prior to French's death. (*Id.* ¶¶ 13, 24.)

Nixon claims that the defendant officers used excessive force in their altercation with French in violation of French's Fourth Amendment right to freedom from unreasonable searches and seizures and 42 U.S.C. § 1983 (Count I), causing French's wrongful death under Illinois state law (Count II), and subjecting all defendants to liability under the Illinois Survival Act (Count III). Nixon also claims that the Village of Antioch ("Antioch"), as the employer of defendant Charles Smith, and the City of North Chicago ("North Chicago"), as the employer of defendant Bernard Fapso, are liable for the actions of their employees pursuant to the Local

Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/9-102, et seq. (Counts IV and V). Nixon claims Lake County and the Sheriff of Lake County, as employers of "some individual defendants," are liable for "reimbursement" of the judgment (Counts VII and VIII).

## LEGAL STANDARD

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's claim must only "raise a right to relief above the speculative level" such that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). If the allegations of a complaint "fail[ ] to state a claim upon which relief can be granted," the complaint will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing the sufficiency of a complaint, the court accepts the well-pleaded allegations as true and draws all inferences in the light most favorable to the plaintiff. *Wilson v. Price*, 624 F.3d 389, 391 (7th Cir. 2010).

## ANALYSIS

Antioch, North Chicago, and the "Lake County Defendants" (Lake County and the Sheriff of Lake County) contend that the defendant officers were not acting within the scope of their employment with their individual city or home police department employers at the time of the shooting, but were acting as employees of the LCMEG, thus shifting the burden to indemnify and defend the officers to the State of Illinois. (Dkt. No. 57 ("Antioch's Mot.") ¶¶ 2, 11-14; Dkt. No. 52 ("N. Chi.'s Mot.") ¶¶ 5, 12; Dkt. No. 31 ("Lake Cnty. Defs.' Mot.") ¶¶ 13-17.) In support of their arguments, each of these defendants points to the State Employee Indemnification Act, 5 ILCS 350/1, et seq. (Antioch's Mot. ¶¶ 7-9, 11-12, 14; N. Chi.'s Mot. ¶¶ 5, 12; Lake Cnty. Defs.' Mot. ¶¶ 10, 13-17.) Antioch and North Chicago also rely heavily on *Cervantes v. Metro. Enforcement Grp.*, No. 01 C 4433, 2001 WL 1329295 (N.D. Ill. Nov. 1,

2001), to show that LCMEG is a state entity. (Antioch's Mot. ¶ 10; N. Chi.'s Mot. ¶¶ 8, 9.)

**1.**   Nixon's Claims Against Antioch and North Chicago

Nixon has alleged that Antioch and North Chicago are liable for their employee's actions under the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/9-102. (2d. Am. Compl. ¶¶ 29-36.) Section 9-102 reads in part: "A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages . . . for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article." 745 ILCS 10/9-102.

Nixon has alleged that Charles Smith "committed the acts alleged above in the scope of his employment as an employee of Defendant VILLAGE [of Antioch]" and that Bernard Fapso "committed the acts alleged in the scope of his employment as employee of Defendant THE CITY OF NORTH CHICAGO," thus making Antioch and North Chicago responsible for paying any judgment against these officers. (2d Am. Compl. ¶¶ 33, 36.)

In their motions, Antioch and North Chicago argue that the state is responsible for indemnifying officers Charles Smith and Bernard Fapso for their actions pursuant to the State Employee Indemnification Act, 5 ILCS 350/1, et seq. (Antioch's Mot. ¶¶ 7-9, 11-12, 14; N. Chi.'s Mot. ¶¶ 5, 12.) Under this statute, the State is obligated to indemnify "any State employee" in civil actions against the employee for "act[s] or omission[s] occurring within the scope of the employee's State employment" and the Attorney General is to appear on the employee's behalf. 5 ILCS 350/2(a) and (e)(ii). The term "State" means "the State of Illinois" and "does not mean any local public entity." 5 ILCS 350/1(a). The term "employee" includes "an individual appointed as an inspector by the Director of State Police when performing duties within the scope of the activities of a Metropolitan Enforcement Group." 5 ILCS 350/1(b).

Antioch and North Chicago argue that Nixon has admitted that the named officers were acting as MEG agents at the time of the incident and not as part of their home police departments and municipalities, citing paragraph six of the Second Amended Complaint. (Antioch's Mot. ¶¶ 2, 11; N. Chi.'s Mot. ¶¶ 4, 5, 12.) Paragraph six states, in relevant part: "Defendant AGENTS SMITH, FAPSO, GAUGHAN, PADILLA, and GARA were law enforcement officers who were, at all times relevant to this action, assigned to the Lake County Metropolitan Enforcement Group." (2d. Am. Compl. ¶ 6; *see also* ¶ 39 ("The individual defendants committed the acts alleged above in the scope of their employment as employees of Defendant LAKE COUNTY METROPOLITAN ENFORCEMENT GROUP.").) It is Antioch and North Chicago's position that Section 9-102 is not "triggered" because the defendant officers were not acting within the scope of their municipal employment at the time of the incident. (Antioch's Mot. ¶ 11; N. Chi.'s Mot. ¶ 5.) In response, Nixon argues that the LCMEG is considered a local entity and, therefore, "the individual LCMEG Agents could not be state employees." (Dkt. No. 62 ("Nixon's Resp.") ¶ 8.)

The court need not determine whether the defendant officers were acting as state employees at the time of the shooting, or whether they are subject to the indemnification provisions of the State Employee Indemnification Act, for purposes of deciding Antioch and North Chicago's pending motions.

The Federal Rules of Civil Procedure expressly give a plaintiff the right to argue inconsistently and in the alternative in his or her complaint. Fed. R. Civ. P. 8. Under Rule 8(d)(2), Nixon "may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones," and "if a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." *Id.* Under

Rule 8(d)(3), Nixon may also "state as many separate claims or defenses as she has, regardless of consistency." *Id.* In other words, it makes no difference that Nixon's allegations against Antioch and North Chicago are "inconsistent with" her allegation that the officers were acting as LCMEG employees. (Antioch's Mot. ¶ 6.) At this point in the litigation, she is free to plead both theories of recovery.

*Cervantes* also does not support Antioch and North Chicago's arguments. The court in *Cervantes* addressed the issue of Eleventh Amendment immunity as applied to the defendant officers, who were agents of the LCMEG at the time of the relevant events. The court found that even though the LCMEG agents were covered under the State Employee Indemnification Act, this was "not determinative" of their status as state employees because the statute, when defining "employee," declared that it was only for "purposes of this Act." *Cervantes*, 2001 WL 1329295, at *1 (citing *Nichol v. Stass,* 192 Ill. 2d 233 (2000). The court further stressed that "[w]hether an officer is a state or local employee is not an 'all or nothing' determination." *Cervantes*, 2001 WL 1329295, at *1 (citing *DeGenova v. Sheriff of DuPage County,* 209 F.3d 973, 975 (7th Cir. 2000)). Because *Cervantes* does not address the precise indemnification questions at issue before this court, it is of limited persuasive value. If anything, *Cervantes* instructs that whether the agents in this case were acting within their scope of employment with their home departments or within the scope of their employment with LCMEG, is a question of fact, as this analysis depends on the duties the officers are performing at the time of the relevant act or omission. *Cervantes*, 2001 WL 1329295, at *1 ("An officer may be a state employee when he performs certain functions, and a local employee when he performs others."); *see also Dykema v. Skoumal*, No. 98 CV 5309, 2000 WL 949582, at *2 (N.D. Ill. July 7, 2000) (the fact that a defendant officer was "also considered a state employee for purposes of the Illinois Employee

Indemnification Act" is not determinative of a municipality's liability under § 1983).

Because Nixon has not alleged in the Second Amended Complaint that officers Charles Smith and Bernard Fapso were acting solely as LCMEG agents at the time of the incident, she has not pleaded herself out of court. It is plausible that, consistent with the Second Amended Complaint, the defendant officers were acting within the scope of their employment with their home police departments at the time of the shooting. This is a matter therefore for discovery. Antioch and North Chicago therefore cannot be dismissed from this lawsuit at this time.

**2.** <u>Nixon's Claims Against the Lake County Defendants</u>

Nixon has also alleged that the Lake County Defendants are liable for "reimbursement" for any judgment or settlement awarded to Nixon against the defendant officers employed by the Lake County Defendants. (2d. Am. Compl. ¶¶ 40-45.)

The Lake County Defendants assume that Nixon's "reimbursement" claim is brought pursuant to the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/9-102, as with the allegations against Antioch and North Chicago, and Nixon does not correct this assumption. (Lake Cnty. Defs.' Mot. ¶¶ 9 & 10.) Despite Nixon's allegation that "[s]ome individual defendants committed the acts alleged above in the scope of their employment with the Sheriff of Lake County and with Lake County," (2d Am. Compl. ¶¶ 42, 45), the Lake County Defendants argue that the "the LCMEG agents were not acting in their capacity as employees of their home police departments" at the time of the shooting. (Lake Cnty. Defs.' Mot. ¶14.) For the reasons set forth in Section 1 above, this court does not find this argument persuasive.

The Lake County Defendants also argue that the "Second Amended Complaint does not identify any individually named defendant officers with a home department at the Lake County

Sheriff's office." (Lake Cnty. Defs.' Mot. ¶ 12.) The court finds that Nixon has stated a plausible right to relief against the Lake County Defendants under Section 9-102 by alleging that "[s]ome individual defendants committed the acts alleged above in the scope of their employment" with the Sheriff of Lake County and with Lake County. (2d Am. Compl. ¶¶ 42, 45). In other words, the Lake County Defendants have been given "fair notice of what the . . . claim is and the grounds upon which it rests," such that they can reasonably be expected to formulate an answer to Counts VII and VIII. *Smith v. Med. Benefit Adm'rs Group, Inc.*, 639 F.3d 277, 281 (7th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Whether any of the four remaining defendant officers are actually employed by the Lake County Sheriff's Office is a question of fact best left to the discovery stage of litigation.

## CONCLUSION

For the reasons set forth above, the Village of Antioch's "Motion to Dismiss Count IV of the Plaintiff's Complaint" (Dkt. No. 57), the City of North Chicago's "Motion to Dismiss Count V of the Plaintiff's Complaint" (Dkt. No. 52), and Lake County and the Sheriff of Lake County's "Motion to Dismiss Counts VII and VIII of Plaintiff's Complaint" (Dkt. No. 31) are each denied. Defendants' answers are due on or before 8/2/2011. Counsel are requested to meet pursuant to Rule 26(f) and jointly file a Form 52 on or before 8/9/2011. Status hearing set for 8/11/2011 at 9:00 a.m. for purposes of scheduling further dates. The parties are encouraged to discuss settlement.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: July 26, 2011