# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1382 | **DATE** | January 10, 2012 |
| **CASE TITLE** | Nixon vs. Lake County Met. Enf. Grp. Agents, et. al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, "Lake County Metropolitan Enforcement Group's Rule 12(c) Motion for Judgment on the Pleadings" [111] is denied.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Defendant Lake County Metropolitan Enforcement Group's ("LCMEG") Motion for Judgment on the Pleadings. (Dkt. No. 111). For the reasons that follow, the motion is denied.

Plaintiff Germaine Nixon ("Nixon"), the mother of Mycol French ("French"), brought suit against several law enforcement defendants as the administrator of her son's estate following his Feb. 1, 2010, shooting death, allegedly at the hands of police. Nixon's original complaint, filed March 3, 2010, named various municipalities and unknown officers. (Dkt. No. 1.) LCMEG, a joint task force of officers working in Lake County, was not named in the original complaint. Nixon filed an Amended Complaint on May 26, 2010, adding the Illinois State Police as a respondent in discovery. (Dkt. No. 8.) LCMEG was not named in the Amended Complaint.

On Feb. 28, 2011, Nixon filed a Second Amended Complaint naming the officers allegedly involved and, for the first time, naming LCMEG as a defendant. (Dkt. No. 29 ("Sec. Am. Compl.").) Nixon seeks to recover for excessive force under 42 U.S.C. § 1983 and brings wrongful death and survival actions under Illinois law. LCMEG is named in one count, Count VI, labeled "Reimbursement Claim." Sec. Am. Compl., ¶¶ 37–39. In that claim, Nixon alleges that LCMEG was the employer of some of the individual defendants and that they were acting in the scope of their duties when French was killed. Nixon demands that LCMEG pay any judgment or settlement entered against its employees, including all amounts for damages and costs.

LCMEG has answered the Second Amended Complaint, and now seeks judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). In ruling on a motion brought under Rule 12(c), the court employs the same standards as it would in ruling on a pre-answer motion brought under Fed. R. Civ. P. 12(b)(6). *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). The court takes the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Id.* While the statute of

limitations is an affirmative defense, it can be the basis for a Rule 12(c) motion if the running of the statute is apparent from the face of the pleadings. *See Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 925–26 (7th Cir. 2007).

LCMEG argues that judgment on the pleadings is proper for a number of reasons: (1) no tort for "reimbursement" exists; (2) if Nixon meant to state a claim for indemnification under the Illinois Tort Immunity Act, 745 ILCS 10/9-102, that claim is time-barred and does not relate back to Nixon's original complaint; and (3) Nixon lacks standing to bring an indemnification claim. The court rejects all of these arguments.

First, the "reimbursement" claim is inartfully labeled. However, in federal court, it is not the label of a claim that matters, but its substance. *Potter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 697 (S.D. Ill. 2007). Here, Nixon's reimbursement claim was sufficiently pleaded to put LCMEG on notice of the claim against it, so it may stand.

Next, LCMEG argues that an indemnification claim under 745 ILCS 10/9-102 is time-barred. Section 9-102, provides, in relevant part:

> A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article.

745 ILCS 10/9-102. The Illinois Tort Immunity Act provides a one-year statute of limitations for state law claims against municipalities and their employees "from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101. Relying on this statute of limitations, LCMEG argues that Nixon had until Feb. 2, 2011, to bring an indemnification claim against it, one year from the date of her son's shooting. Because she did not do until Feb. 28, 2011, the claim is time-barred, LCMEG argues. The parties dispute whether Nixon's indemnification claim against LCMEG "relates back" to her original complaint, so as to make it timely under Fed. R. Civ. P. 15(c)(1).

However, the parties miss a more fundamental problem with LCMEG's argument. LCMEG assumes that Nixon's indemnification claim against it accrued at the time of French's shooting. However, such a claim does not accrue until judgment is entered against the municipal employee. *See, e.g.*, *Am. Safety Cas. Ins. Co. v. City of Waukegan*, 776 F. Supp. 2d 670, 709 (N.D. Ill. 2011); *Loza v. City of Chi.*, No. 09 C 2474, 2009 WL 3125542, at *1 (N.D. Ill. Sept. 25, 2009).

Both *Am. Safety Cas. Ins.* and *Loza* relied on the Seventh Circuit's ruling in *Wilson v. City of Chi.*, 120 F.3d 681 (7th Cir. 1997). There, the Seventh Circuit held that while the city could not be made to pay a judgment until its employee was found liable, the plaintiff could nonetheless bring an indemnification claim against the city in the nature of a declaratory judgment action. *Id.* at 684–85. "The logical implication of the *Wilson* decision is that the actual fact that gives rise to a claim under § 9-102 is the court entering judgment against the employee defendant, even though it may be appropriate for a plaintiff to bring the claim in anticipation of that fact." *Loza*, 2009 WL 3125542, at *1. The court agrees with this reasoning and finds that Nixon's indemnification claim is not time-barred.

Finally, LCMEG asserts that Nixon lacks standing to assert an indemnification claim. LCMEG's argument is two-fold: (1) that Nixon has no legal interest in whether the individual defendants are entitled to

| STATEMENT |
|---|

indemnification; and (2) that an indemnification claim is premature. Both of these arguments, however, have been repeatedly rejected by courts within this district.

Contrary to LCMEG's argument, § 9-102 is not a "fall-back provision should a municipal employee prove insolvent." *Blancas v. Village of Rosemont*, No. 07 C 4310, 2008 WL 4682217, at *1 (N.D. Ill. May 21, 2008). It confers a right not on the employee, but rather on the tort victim, who is entitled to receive payment from the municipality. *Id.* (citing *Wilson*, 120 F.3d at 686). Additionally, *Wilson*, 120 F.3d at 685, provides strong support for the proposition that a plaintiff need not wait until her action against municipal employees is final before bringing an indemnification claim. Numerous district courts have so held. *See, e.g., Griffin v. Meagher*, No. 09 C 1477, 2009 WL 5174684, at *5 (N.D. Ill. Dec. 21, 2009); *Blancas*, 2008 WL 4682217, at *2, *Sassak v. City of Park Ridge*, 431 F. Supp. 2d 810, 822–23 (N.D. Ill. 2006); *Medina v. City of Chi.*, 100 F. Supp. 2d 893, 895 n.1 (N.D. Ill. 2000). As such, Nixon does have standing to pursue her indemnification claim at this time.

For the reasons set forth above, LCMEG's Motion for Judgment on the Pleadings (Dck. No. 111) is denied.

*James F. Holderman*